# EXHIBIT "2"

## NOTE
### Dated: October 9, 1996

FOR VALUE RECEIVED, J.R. Coldiron & Sons, Coldiron Enterprises, Inc. and Middle States Drywall, Inc. ("JRC", "CEI", and "MSD" and jointly "Coldiron Companies") and all other presently-existing or subsequently-formed companies or business entities conducting the same or similar type of business(es) as the Coldiron Companies within the geographic and work jurisdictions of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO Local 626 of Delaware ("Local 626") which are controlled, directly or indirectly through financial or other means, by the Coldiron Companies, John R. Coldiron, John D. Coldiron and Brenda Peterson, or any of them (which companies are hereafter called "New Coldiron Companies" and jointly with Coldiron Companies referred to as "Coldiron Group"), promise to pay to the order of the Local Union No. 626 United Brotherhood of Carpenters and Joiners of America Pension Fund, Local Union No. 626 United Brotherhood of Carpenters and Joiners of America Welfare Trust Fund, Local Union No. 626 United Brotherhood of Carpenters and Joiners of America Apprenticeship Fund t/a Carpenters Local 626 Joint Apprenticeship Training Center, Inc. and United Brotherhood of Carpenters and Joiners of America, AFL-CIO Local 626 of Delaware ( jointly, "Fund Parties") , or holder, upon demand after the occurrence of an event described in Section 1 below the amount set forth in Section 2 below plus attorneys' fees as set forth in Section 3 below.

    1. **Default Events**. Fund Parties shall be entitled to entry of a joint and several judgment against the Coldiron Group upon the occurrence of either of the following events, hereinafter called "Due Date".

12155.1

(a) Any member of the Coldiron Group withdraws its recognition of Local 626 as the exclusive representative of its employees performing work within the geographic and work jurisdiction of Local 626 covered by its collective bargaining agreement with Local 626 prior to April 30, 2003.

(b) The Coldiron Group or John R. Coldiron, John D. Coldiron and Brenda Peterson (jointly "the Coldirons") violate any term or condition of the settlement agreement between the Coldiron Group, the Coldirons and the Fund Parties dated October 9, 1996.

2. **Judgment Amount**. The amount of the judgment which shall be entered against the Coldiron Group, jointly and severally, is:

(a) $700,000 if the Due Date occurs before April 30, 1997;

(b) $600,000 if the Due Date occurs after April 30, 1997 and on or before April 30, 1998;

(c) $500,000 if the Due Date occurs after April 30, 1998 and on or before April 30, 1999;

(d) $400,000 if the Due Date occurs after April 30, 1999 and on or before April 30, 2000;

(e) $300,000 if the Due Date occurs after April 30, 2000 and on or before April 30, 2001;

(f) $200,000 if the Due Date occurs after April 30, 2001 and on or before April 30, 2002;

(g) $100,000 if the Due Date occurs after April 30, 2002 and on or before April 30, 2003;

(h) $0 if the Due Date occurs after April 30, 2003.

3. **Attorneys' Fees**. The Coldiron Group expressly agrees that if any action, suit, matter or proceeding shall be brought for the enforcement of this Note, and if the Fund Parties or holder in said action, suit or proceeding shall recover judgment in any sum, the Fund Parties or holder shall also recover as reasonable counsel fees twenty percent (20%) of the amount decreed for principal, and said counsel fees shall be entered, allowed and paid as part of the decree or judgment in said action, suit or proceeding.

4. **Confession of Judgment**. To secure the payment of this Note, the Coldiron Group

irrevocably authorizes the Prothonotary, Clerk of Court, or any attorney of any Court of Record to appear for them, their successors, executors, administrators and assigns in any Court of Record in the United States or elsewhere in term time, or vacation at any time before or after maturity and confess a judgment without process in favor of the Fund Parties or any holder of this Note, with or without the filing of an averment or declaration of default, for such amount as may appear to be unpaid thereon, together with charges, costs and attorneys' fees, as above provided. The Coldiron Group waives and releases all errors which may intervene in any such proceedings and waives all right to appeal in equity, by statute or under common law. The Coldiron Group consents to immediate execution upon the judgment hereby ratifying and confirming all that may be done under the powers granted in this Note, waiving and releasing benefit of all appraisement, inquisition of real estate, stay of execution and all rights under the exemption laws of any state and/or the bankruptcy laws of the United States, as in effect now or in the future and voluntarily condemns all of their real estate upon judgment and authorizes the entry of such condemnation upon any writ issue.

5. **Individual Liability.** Nothing in this Note shall be construed to impose any liability on, or permit a judgment (by confession or otherwise) against John R. Coldiron, John D. Coldiron, or Brenda Peterson. It is agreed that John R. Coldiron, John D. Coldiron and Brenda Peterson are parties to this Note solely for the purpose of creating obligations on the part of subsequently formed companies or business entities conducting the same or similarly type of business(es) as the Coldiron Companies within the geographic and work jurisdiction of MDC which are controlled, directly or indirectly through financial or other means, by the Coldiron Companies, John R. Coldiron, John D. Coldiron and Brenda Peterson, or any of them, and that

the said John R. Coldiron, John D. Coldiron and Brenda Peterson are not bound by any of the other terms of this Note.

ATTEST:

_____
A ( ~~Corporate~~ Secretary

Place Corporate
Seal Here

J.R. COLDIRON & SONS, INC.

BY: _____
JOHN R. COLDIRON, ~~President~~ VP

ATTEST:

_____
T )) ~~Corporate~~ Secretary

Place Corporate
Seal Here

COLDIRON ENTERPRISES, INC.

BY: _____
JOHN D. COLDIRON, President

ATTEST:

_____
A ~~SC Corporate~~ Secretary

Place Corporate
Seal Here

MIDDLE STATES DRYWALL, INC.

BY: _____
JOHN D. COLDIRON, President

WITNESS:

_____

_____

_____

_____
BRENDA PETERSON

_____
JOHN D. COLDIRON

_____
JOHN R. COLDIRON

12155.1