## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOCAL UNION NO. 626 UNITED BROTHERHOOD OF :
CARPENTERS AND JOINERS OF AMERICA PENSION :
FUND, et al. :
                              Plaintiffs :     CIVIL ACTION NO.

    v. :
                                      :     02-CV-2761

MIDDLE STATES DRYWALL, INC., et al. :
                          :
                    Defendants :

## MOTION FOR JUDGMENT BY DEFAULT BY THE COURT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)
## AGAINST DEFENDANTS J. R. COLDIRON & SONS, INC., MIDDLE STATES
## DRYWALL, INC., COLDIRON ENTERPRISES, INC., and JOHN D. COLDIRON

Plaintiffs, Local No. 626, United Brotherhood of Carpenters and Joiners of America

Pension Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of America Welfare

Trust Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of America

Apprenticeship Fund and its subsidiary t/a Carpenters Local 626 Joint Apprenticeship Training

Center, Inc., International Health & Safety Training Fund/ Marketing Fund, Carpenters Local

626 Political Action Committee (respectively, "Pension Fund", "Welfare Fund", "Apprenticeship

Fund", "Safety Fund" and "PAC" and collectively, "Funds"), United Brotherhood of Carpenters

and Joiners of America, AFL-CIO, Local 626 of Delaware, the Delaware State Regional Council

of Carpenters, and Joseph Durham (respectively, "Union", "Council" and "Durham" and jointly

with Funds, "Plaintiffs"), by their legal counsel, respectfully move this Court, pursuant to Fed.

R. Civ. Pro. 55(b)(2) to enter default judgment in favor of the Plaintiffs and against Defendants,

J. R. Coldiron & Sons, Inc. ("JRC"), Middle States Drywall, Inc. ("MSD"), Coldiron Enterprises,

Inc. ("CEI") and John D. Coldiron ("J. D. Coldiron") (JRC, MSD and CEI jointly "Corporate

112713-1

Defendants" and together with J. D. Coldiron, "Defendants"), jointly and severally, for unpaid contributions, contractual liquidated damages, interest and attorneys' fees and costs incurred by the Funds pursuant to 29 U.S.C. §§ 1132(g)(2)(A)-(D) and in accordance with the Settlement Agreement and Note dated October 9, 1996.

In support of this Motion, Plaintiffs rely upon the allegations in their Amended Complaint, the Settlement Agreement and Note attached to the Amended Complaint as Exhibits 1 and 2 respectively, the Declaration of Joseph Durham[1] and the Declaration of Shelley R. Goldner, Esquire ("Goldner Declaration").[2]

The grounds for this Motion are as follows:

1.       Prior to the commencement of this action, Plaintiffs attempted to resolve this delinquency in an amicable manner.

2.       The requested payments were not received and on or about May 8, 2002, the Complaint in this matter was filed. The Amended Complaint was filed October 11, 2002. The Complaint and Amended Complaint were served on Defendants JRC and J. D. Coldiron on June 3, 2002 and October 25, 2002 respectively, as appears from the Affidavits of Service filed with the Court. The Complaint and Amended Complaint were served on MSD on December 20, 2002 and on CEI on December 22, 2002, as appears from the Affidavits of Service filed with the Court

3.       No Answer to the Complaint or Amended Complaint was filed by said Defendants.

---

[1]       The Declaration of Joseph Durham ("Durham Declaration") is attached to this Motion as Exhibit 1. The Exhibit referred to in the Durham Declaration is attached as Exhibit 3.
[2]       The Declaration of Shelley R. Goldner ("Goldner") is attached to this Motion as Exhibit 2.

4.      On or about December 6, 2002 Plaintiffs filed a Request to Clerk to Enter Default against JRC and J. D. Coldiron pursuant to Fed. R.Civ.Pro. 55(a) and mailed a copy by first class mail, postage prepaid to said Defendants.  On or about January 13, 2003 Plaintiffs filed a Request to Clerk to Enter Default against MSD and CEI pursuant to Fed. R. Civ. Pro. 55 (a) and mailed a copy by first class mail, postage prepaid to said Defendants.

5.      Defendants are neither infants nor incompetent persons.

**WHEREFORE**, Plaintiffs seek the following relief:

(a)      Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

(b)      Such other and further relief as the Court deems just, necessary and appropriate.


Respectfully submitted,

JENNINGS SIGMOND


Dated: <u>April 15, 2003</u>                    BY: <u>s/ Shelley R. Goldner</u>
                                        SANFORD G. ROSENTHAL (ID NO. 38991)
                                        SHELLEY R. GOLDNER (ID NO. 32896)
                                        The Penn Mutual Towers, 16th Floor
                                        510 Walnut Street
                                        Philadelphia, PA  19106-3683
                                        (215) 351-0611/0644
                                        Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOCAL UNION NO. 626 UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA PENSION FUND, et al. | : : : | |
| Plaintiffs | : | CIVIL ACTION NO. |
| v. | : : | 02-CV-2761 |
| MIDDLE STATES DRYWALL, INC., et al. | : : | |
| Defendants | : | |

**ORDER AND JUDGMENT BY DEFAULT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) AGAINST
DEFENDANTS J. R. COLDIRON & SONS, INC., MIDDLE STATES DRYWALL, INC.,
COLDIRON ENTERPRISES INC. AND JOHN D. COLDIRON**

Upon consideration of the Amended Complaint and Motion for Entry of Judgment by

Default of the Plaintiffs, Local No. 626, United Brotherhood of Carpenters and Joiners of

America Pension Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of

America Welfare Trust Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of

America Apprenticeship Fund and its subsidiary t/a Carpenters Local 626 Joint Apprenticeship

Training Center, Inc., International Health & Safety Training Fund/ Marketing Fund, Carpenters

Local 626 Political Action Committee (respectively, "Pension Fund", "Welfare Fund",

"Apprenticeship Fund", "Safety Fund" and "PAC" and collectively, "Funds"), United

Brotherhood of Carpenters and Joiners of America, AFL-CIO, Local 626 of Delaware, the

Delaware State Regional Council of Carpenters, and Joseph Durham (respectively, "Union",

"Council" and "Durham" and jointly with  Funds, "Plaintiffs"), it appears to the Court that

Defendants  J. R. Coldiron & Sons, Inc., ("JRC") and John D. Coldiron ("JD Coldiron") were

served with the Complaint and Summons on June 3, 2002 and the Amended Complaint and

Summons on October 25, 2002 and Defendants Middle States Drywall, Inc. ("MSD") and

112713-1

Coldiron Enterprises, Inc. ("CEI") were served with the Complaint and Summons and the Amended Complaint and Summons on December 22, 2002. All of the aforementioned Defendants (JRC, J. D. Coldiron, MSD and CEI jointly "Defendants") have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and default against said Defendants having been entered, it is **ORDERED**:

1.      Judgment is entered against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of $419,233.16 pursuant to the terms of the collective bargaining agreement(s), the Employee Retirement Income Security Act ("ERISA")(See, 29 U.S.C. §§185(a) and 1132(g)(2)(A)-(D)) and the Settlement Agreement and Note as follows:

(a)      Principal in the amount of $300,000.00 as liquidated damages pursuant to paragraph 13 of the Settlement Agreement of October 9, 1996.

(b)      Interest from October 1, 2000 through April 30, 2003 as provided by 29 U.S.C.§ 1132 (g) (2) and 26 U.S.C. §6621 in the amount of $57,872.32. The principal amount in paragraph 1(a) shall continue to bear interest as provided in 29 U.S.C.§1132 (g) (2) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(c)      Attorneys' fees in the amount of $60,000.00 pursuant to paragraph 3 of the Note dated October 9, 1996 (20% of the amount decreed for principal) and costs of $1,360.84 incurred in the collection and enforcement of this Judgment through March 31, 2003 in accordance with 29 U.S.C. § 1132 (g) (2) (D). Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this Judgment.

2.      If further action by Plaintiffs to enforce this judgment is required, Plaintiffs may apply to this Court or to the Court in which enforcement is sought for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 1 above.

112713-1                                              2

      3.     This Order and Judgment is enforceable, without duplication, by one or more of the Funds, jointly and severally, or their agents.

BY THE COURT

Date: _____    By: _____

                                          R. BARCLAY SURRICK,        J

                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOCAL UNION NO. 626 UNITED BROTHERHOOD OF  :
CARPENTERS AND JOINERS OF AMERICA PENSION  :
FUND, et al.  :
                                  Plaintiffs  :        CIVIL ACTION NO.
      v.  :
                                            :        02-CV-2761
MIDDLE STATES DRYWALL, INC., et al.  :
                               :
                         Defendants  :

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION
FOR JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF
CIVIL PROCEDURE 55 (b) AGAINST DEFENDANTS J. R. COLDIRON &
SONS, INC., MIDDLE STATES DRYWALL, INC., COLDIRON
ENTERPRISES, INC., and JOHN D. COLDIRON**

Plaintiffs, Local No. 626, United Brotherhood of Carpenters and Joiners of America

Pension Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of America Welfare

Trust Fund, Local No. 626, United Brotherhood of Carpenters and Joiners of America

Apprenticeship Fund and its subsidiary t/a Carpenters Local 626 Joint Apprenticeship Training

Center, Inc., International Health & Safety Training Fund/ Marketing Fund, Carpenters Local

626 Political Action Committee (respectively, "Pension Fund", "Welfare Fund", "Apprenticeship

Fund", "Safety Fund" and "PAC" and collectively, "Funds"), United Brotherhood of Carpenters

and Joiners of America, AFL-CIO, Local 626 of Delaware, the Delaware State Regional Council

of Carpenters, and Joseph Durham (respectively, "Union", "Council" and "Durham" and jointly

with Funds, "Plaintiffs") by their legal counsel, file this Memorandum in Support of their

Motion for Judgment by Default.

      Defendant, Middle States Drywall, Inc. ("MSD") is a party to one or more

collective bargaining agreement(s) ("Labor Contract") with the United Brotherhood of

Carpenters and Joiners of America, AFL-CIO, Local 626 of Delaware and/or the Delaware State Regional Council of Carpenters (Durham Declaration, ¶7).  Under the terms of a Settlement Agreement dated October 9, 1996 ("Settlement Agreement"), Defendants John R. Coldiron & Sons, Inc. ("JRC"), Coldiron Enterprises, Inc. ("CEI") as well as any other then presently existing or newly formed or acquired companies owned or controlled by Defendant John D. Coldiron ("J. D. Coldiron") are also bound to terms of the Labor Contract[1].  (MSD, JRC and CEI, jointly "Corporate Defendants" and together with J. D. Coldiron, "Defendants").  The Labor Contract  provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Labor Contract. Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds.

To resolve claims previously asserted against Defendants for failure to submit contributions and other amounts owed under the Labor Contract, the parties entered into the Settlement Agreement  and Note[2].  Defendants have defaulted on their obligations under the Settlement Agreement and Note.  Under the terms of the Settlement Agreement and Note, Defendants owe Plaintiffs at least $419,233.16 including :

| | |
|---|---|
| Principal | $300,000.00 |
| Interest from October 1, 2000 – April 30, 2003 | $ 57,872.32 |
| Attorneys' fees | $ 60,000.00 |
| Costs since October 1, 2000 | $   1,360.84 |
| **TOTAL** | **$419,233.16** |

---

[1]    This provision of the Settlement Agreement also applies to companies owned or controlled by Brenda Peterson or John R. Coldiron, additional defendants in the instant action who are not included in the Motion for Entry of Default.

[2]    The Settlement Agreement and Note are attached to the Amended Complaint as Exhibits 1 and 2 respectively and are incorporated herein by reference.

As a result of Defendants' failure to submit the required payments this lawsuit was instituted on or about May 8, 2002. An Amended Complaint was filed on October 11, 2002. Service of the Complaint and Summons and Amended Complaint was made on Defendants JRC and J. D. Coldiron on June 3, 2002 and October 25, 2002 respectively   The Complaint and Amended Complaint were served on MSD on December 20, 2002 and on CEI on December 22, 2002, as appears from the Affidavits of Service filed with the Court. Defendants failed to file an answer or other responsive pleading within 20 days of service. Plaintiffs filed a Request to Clerk to Enter Default pursuant to Fed. R. Civ. Pro. 55(a) against JRC and J. D. Coldiron on or about December 6, 2002 and against MSD and CEI on or about January 13, 2003.

## ARGUMENT

### ENTRY OF JUDGMENT AGAINST DEFENDANTS UNDER THE TERMS OF THE SETTLEMENT AGREEMENT AND NOTE FOR PRINCIPAL, INTEREST, ATTORNEYS' FEES AND COSTS IS ENTIRELYAPPROPRIATE.

The Corporate Defendants each are parties to and/or bound to one or more collective bargaining agreement(s) ("Labor Contract") with the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Local 626 of Delaware, and/or the Delaware State Regional Council of Carpenters (Durham Declaration, ¶7). Under the Labor Contract, the Corporate Defendants are required to submit remittance reports and pay contributions to the Funds for time worked by or paid to their covered employees. The Labor Contract sets forth: (a) the rate of contribution; (b) the method for calculating the total amount of contributions due to the Funds; and (c) the time period within which these contributions are to be paid to the Funds. Finally, the Labor Contract requires the Corporate Defendants to allow the Funds' auditors to review all records they reasonably deem necessary to making a determination that all required contributions have been paid.

112713-1                                          3

Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145 provides:

> "Every Employer who is obligated to make contributions to a multiemployer plan... under the terms of a collectively bargained agreement shall...make such contributions in accordance with...such agreement."

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment under Section 515 is entered in the Funds' favor:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of:

        (i)    interest on the unpaid contributions; or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

    (D)    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

The failure of the Corporate Defendants to comply with their contractual and statutory obligations results in a substantial adverse impact on the Funds' ability to meet their legal obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide benefits and pension credits to Defendants' employees who are otherwise eligible to receive them, 29 C.F.R. 2530-200b-2(a)(1) and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom,

Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d 1122 (8th Cir. 1981). The Funds are required to provide these benefits and credits regardless of whether Defendants make the contributions. For example, if a covered employee of Defendants has incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expenses despite not receiving contributions from Defendants. Similar requirements exist with respect to the Funds' obligation to credit hours for retirement benefits. The result is a significant drain on the resources of the Funds.

Additionally, when an employer fails to remit its contributions the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health and welfare benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only Defendants' employees, but to employees of companies that have complied with their contractual obligations.

Plaintiffs previously asserted claims against the Corporate Defendants under federal law for wages, delinquent contributions, liquidated damaged, interest and attorneys' fees and costs due and owing to the Funds by the Corporate Defendants in an action designated as Civil Action No. 94-5424 ("1994 Civil Action"). The Corporate Defendants and J. D. Coldiron entered into a Settlement Agreement and Note, both dated October 9, 1996[3], in order to resolve their

---

[3]     John R. Coldiron and Brenda Peterson, additional defendants in the instant action, are also parties to the Settlement Agreement and Note.

disputes, including all claims asserted in the 1994 Civil Action, and to avoid the time and

expense that would result from continued litigation of the 1994 Civil Action.  The parties to the

Settlement Agreement and Note agreed to a Settlement Sum of $75,000 (Settlement Agreement,

¶1) but agreed and acknowledged that the claims alleged in the 1994 Civil Action being

compromised by the settlement included a prior judgment in the amount of $403,000 (including

contributions of $366,075, work dues of $14,340 and $22,500 in attorneys' fees and costs) plus

accrued interest from May 27, 1992 and other related claims that had not been reduced to

judgment[4].  Acknowledging and agreeing that the calculation of damages to the Funds resulting

from a violation of the Settlement Agreement would be difficult, the parties agreed that the

liquidation of damages described in Paragraphs 13(a) through (g) represented a reasonable

compromise of any such damage claim.  The Defendants waived all rights to contest or claim

that the damages set forth in the Settlement Agreement constitute a penalty and not liquidated

damages.  (Settlement Agreement ¶13).

Defendants have breached the Settlement Agreement and defaulted on the Note by failing

and refusing to make any payments required under the Settlement Agreement and Note since

September 2000.  See Durham Declaration, ¶10 (Exhibit 1).  Pursuant to paragraph 13 (e) of the

Settlement Agreement, if the violation occurs after April 30, 2000 and before April 30, 2001, the

damages are assessed at $300,000.  Accordingly, the Court should enter judgment in the amount

of $300,000 plus interest from the date of the breach.  Defendants owe $57,872.32 in interest

---

[4]        The 1994 Civil Action included claims based on the breach of an agreement from Civil Action No.
91-3086.  The Court entered a Consent Order and Judgment on May 27, 1992 in the 1991 Action for $403,000 to
bear interest compounded daily at 8% from May 14, 1992.  The 1991 action was based in part on breach of a
settlement agreement dated September 21, 1989 resolving Civil Action No. 88-8547.

112713-1                                                                6

from October 1, 2000, the date of the breach, through April 30, 2003.  (Durham Declaration, ¶11.)[5]

Pursuant to paragraph 3 of the Note, Defendants agreed that if legal action became necessary to enforce the Note, the Funds would also be entitled to recover as reasonable counsel fees twenty percent (20%) of the amount decreed for principal and that said counsel fees would be entered, allowed and paid as part of any judgment.  Since the amount decreed for principal based on the date of Defendants' default is $300,000, attorneys' fees in the amount of $60,000 should be assessed against Defendants and entered as part of the Judgment.  Work performed by Plaintiffs' attorneys is detailed in the Goldner Declaration, Exhibit 2 and the related billing statement.[6]  Plaintiffs are also entitled to costs incurred in pursuit of this action.  The costs incurred since the date of the breach of the Settlement Agreement through March 31, 2003 are $1,360.84.[7]

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA and the terms of the Settlement Agreement and Note, the Court should enter judgment in favor of the Plaintiffs and order Defendants, jointly and severally, to pay damages as follows:

| | |
|---|---|
| Principal | $300,000.00 |
| Interest from October 1, 2000 – April 30, 2003 | $ 57,872.32 |
| Attorneys' fees | $ 60,000.00 |
| Costs since October 1, 2000 | $ 1,360.84 |
| **TOTAL** | **$419,233.16** |

---

[5]     A Copy of the interest calculation is attached as Exhibit 4.

[6]     A billing statement dating from 1996 to April 2003 itemizes legal services provided and costs incurred since 1996 in excess of $42,000.  Additional legal fees and costs in the amount of $38,898.07 were incurred from 1988 through 1995 in pursuit of Plaintiffs' claims against Defendants, the same claims which Plaintiffs' are pursuing in the instant litigation.  A copy of the detailed billing statements for both periods are available to the Court upon request.

[7]     Costs incurred since the breach of the agreement are detailed in the Jennings Sigmond 1996-2003 billing statement available to the Court upon request.

Respectfully submitted,

JENNINGS SIGMOND

Dated:  April 15, 2003                       BY: s/ Shelley R. Goldner
                                             SANFORD G. ROSENTHAL (ID NO. 38991)
                                             SHELLEY R. GOLDNER (ID NO.32896)
                                             The Penn Mutual Towers, 16th Floor
                                             510 Walnut Street
                                             Philadelphia, PA  19106-3683
                                             (215) 351-0611/0644
                                             Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, SHELLEY R. GOLDNER, ESQUIRE, state, under penalty of perjury, that the

foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil

Procedure 55(b)(2) Against Defendant, J. R. Coldiron & Sons, Inc., Middle States Drywall, Inc.,

Coldiron Enterprises, Inc. and John D. Coldiron was served by mailing same first class mail,

postage prepaid on the date listed below to:


Middle States Drywall, Inc.
25 Good Hope Road
Landenberg, PA  19350

Coldiron Enterprises, Inc.
25 Good Hope Road
Landenberg, PA  19350

Michael T. Imms Esquire
Crawford, Wilson & Ryan, LLC
220 West Gay Street
West Chester, PA  19380

John D. Coldiron
845 Waterway Road
Oxford, PA  19363

Walter Flamm, Esquire
Flamm, Boroff & Bacine, P.C.
Union Meeting Corporate Ctr.
925 Harvest Drive, Suite 200
Blue Bell, PA  19422


s/Shelley R. Goldner
SHELLEY R. GOLDNER, ESQUIRE

Date:  April 15, 2003


THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR
VIEWING AND DOWNLOADING FROM THE ECF SYSTEM


112713-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LOCAL UNION NO. 626 UNITED BROTHERHOOD OF  :
CARPENTERS AND JOINERS OF AMERICA PENSION  :
FUND, et al.  :
                              Plaintiffs  :       CIVIL ACTION NO.
      v.  :
                                      :        02-CV-2761
MIDDLE STATES DRYWALL, INC., et al.  :
                              :
                        Defendants  :

## DECLARATION OF JOSEPH DURHAM

Joseph Durham states under penalty of perjury that the following is true and correct:

1.      My name is Joseph Durham and my business address is United Brotherhood of Carpenters and Joiners of America, AFL-CIO Local 626 of Delaware, 626 Wilmington Road, New Castle, Delaware 19720.

2.      I am the Business Agent for Local 626 and am authorized to make this Declaration on behalf of the Plaintiffs in this action.

3.      The Funds maintains regular business records of the amounts due from Employers. A true copy of the delinquency report for Defendants is attached as Exhibit 3.

4.      I have personal knowledge of the contents of the collective bargaining agreements, and the Agreements and Declarations of Trust referenced in the Funds' Complaint and Amended Complaint previously filed in this case.

112713-1



ALL-STATE LEGAL® **EXHIBIT** I

5.    The Funds, as part of its normal operating procedure, maintain files containing copies of all remittance reports submitted by contributing employers, and all correspondence sent to the Company from the Funds.  Additionally, records are maintained of all contributions which are paid to the Funds by each contributing employer.

6.    This file indicates the name of the contributing employer, his account number with the Funds, the amount paid, the date it was paid and the month or months to which the payment was credited.  The Funds' records also include the names and social security numbers of each covered employee employed by that employer.

7.    My review of the regular business records maintained by Local 626 reveals that at all relevant times, Defendants were bound to a collective bargaining agreement ("Labor Contract") with the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Local 626 of Delaware.

[INTENTIONALLY LEFT BLANK]

8. Defendants failed to submit all required remittance reports and/or failed to submit all required payments with the remittance reports as required by the Labor Contract.

9. To resolve claims previously asserted against Defendants for failure to submit contributions and other amounts owed under the Labor Contract, the Funds and Defendants entered into a Settlement Agreement and Note on October 9, 1996.

10. Defendants have failed to make all of the payments required under the Settlement Agreement and Note. No payment has been received since September 2000.

11. Defendants owe interest on the principal under the Settlement Agreement in the amount of $57,872.32 from October 1, 2000 through April 30, 2003, calculated in accordance with 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621. An amortization schedule is attached as Exhibit 4.

12. I have executed this Declaration in Support of Plaintiffs' Motion for Default Judgment against Defendants and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

JOSEPH DURHAM

Executed on: _4/15/03_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOCAL UNION NO. 626 UNITED BROTHERHOOD OF   :
CARPENTERS AND JOINERS OF AMERICA PENSION   :
FUND, et al.   :
Plaintiffs   :     CIVIL ACTION NO.

    v.   :

  :     02-CV-2761

MIDDLE STATES DRYWALL, INC., et al.   :

  :
Defendants   :

## DECLARATION OF SHELLEY R. GOLDNER ESQUIRE

SHELLEY R. GOLDNER, Esquire, declares:

1.     I am an attorney with the law firm of Jennings Sigmond, P.C. and principally responsible for the prosecution of this lawsuit.

2.     Jennings Sigmond maintains a billing list showing all work performed by the offices of Jennings Sigmond, P.C., and related costs in connection with the attempt to collect contributions at issue in this action from 1996 through April 2003.[1] The computerized listing is prepared from contemporaneous attorney time and expense records, the originals of which are maintained in the regular business records of Jennings Sigmond, P.C. Those performing services connected with this matter are identified by their initials prior to each computer entry. A copy of the 1996-April 2003 billing statement is available for the Court's review upon request.

3.     Based upon my review of the detailed billing statement, the Funds have incurred attorneys' fees of $44,128.84 from 1996 to April 2003 and costs of $1,360.84 since the

---

[1]     Attorneys fees and costs prior to that time were assessed at $22,500. See Paragraph 13 of Settlement Agreement (Exhibit 1 to the Complaint). Review of Jennings Sigmond billing statements indicates that the Funds incurred $38,898.07 from 1988 to 1996 in efforts to collect contributions which are included in the current claim.

112713-1

EXHIBIT

2

breach of the Agreement.

    4.    I have executed this Declaration in support of Plaintiffs' Motion for Default Judgment against Defendants, and request this Court to consider the same as proof in support the allegations contained in the Amended Complaint of the Funds and other facts stated in this Declaration.

                              Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>April 15, 2003</u>        <u>s/ Shelley R. Goldner</u>
                                      SHELLEY R. GOLDNER, ESQUIRE

# Trustee Employer Status Report
# Carpenters Local Union No. 626

**GEMGroup**

03 April 2003

### Metropolitan Contract Carpets Inc

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damages | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| 626 | | 12/2001 | | | NO REPORT RECEIVED | ATTY | | |
| | | | | Net Sub Total Discrepancy : | | | 0.00 | 0.00 |
| | | | | Total Net Discrepancy : | | | | 0.00 |

### Metropolitan Regional Council of Carpent

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damages | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| 2012 | | 11/2002 | | | NO REPORT RECEIVED | | | |
| | | | | Net Sub Total Discrepancy : | | | 0.00 | 0.00 |
| | | | | Total Net Discrepancy : | | | | 0.00 |

### Middle States Drywall, Inc.

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damages | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| 626 | 77385 | 12/2000 | 03/13/2002 | 03/13/2002 | Settlement Agreement | ATTY | 0.00 | 19,166.79 |
| 626 | 47845 | 11/2000 | 04/10/2001 | 04/10/2001 | Overage/Shortage | ATTY | 0.00 | -15,552.68 |
| 626 | 47561 | 11/2000 | 03/08/2001 | 03/09/2001 | Liquidated Damages | ATTY | 1,189.44 | 0.00 |
| 626 | 47735 | 12/2000 | 01/15/2001 | 01/15/2001 | NSF Check | ATTY | 0.00 | 29,685.17 |
| 626 | 47562 | 12/2000 | 03/08/2001 | 03/09/2001 | Liquidated Damages | ATTY | 1,111.90 | 0.00 |
| 626 | 47563 | 12/2000 | 03/08/2001 | 03/09/2001 | Liquidated Damages | ATTY | 638.69 | 0.00 |
| 626 | 47320 | 12/2000 | 01/15/2001 | 01/15/2001 | Report Received No Money | ATTY | 0.00 | 6,033.79 |
| 626 | 47323 | 12/2000 | 01/15/2001 | 01/15/2001 | Report Received No Money | ATTY | 0.00 | 4,389.77 |
| 626 | | 01/2001 | | | NO REPORT RECEIVED | ATTY | | |
| 626 | | 02/2001 | | | NO REPORT RECEIVED | ATTY | | |
| 626 | | 03/2001 | | | NO REPORT RECEIVED | ATTY | | |
| | | | | Net Sub Total Discrepancy : | | | 2,940.03 | 43,722.84 |
| | | | | Total Net Discrepancy : | | | | 46,662.87 |

### N I C Construction LLC

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damages | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| 626 | | 07/2001 | | | NO REPORT RECEIVED | ATTY | | |
| | | | | Net Sub Total Discrepancy : | | | 0.00 | 0.00 |
| | | | | Total Net Discrepancy : | | | | 0.00 |



EXHIBIT
3

ALL-STATE LEGAL®

Middle States Drywall

Compound Period  ........ : Daily

| | | |
|---|---|---|
| Nominal Annual Rate ....: | 9.000 | % |
| Effective Annual Rate ... : | 9.416 | % |
| Periodic Rate ...................: | 0.0247 | % |
| Daily Rate ........................ : | 0.02466 | % |

## CASH FLOW DATA

| | Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 10/01/2000 | 300,000.00 | 1 | | |
| 2 | Rate | 04/01/2001 | Compound: Daily | | Rate: 8.000 % | |
| 3 | Rate | 07/01/2001 | Compound: Daily | | Rate: 7.000 % | |
| 4 | Rate | 01/01/2002 | Compound: Daily | | Rate: 6.000 % | |
| 5 | Rate | 01/01/2003 | Compound: Daily | | Rate: 5.000 % | |
| 6 | Payment | 04/30/2003 | 357,872.32 | 1 | | |

## AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 10/01/2000 | | | | 300,000.00 |
| 2000 | Totals | 0.00 | 0.00 | 0.00 | |
| Rate | 04/01/2001 | 0.00 | 13,767.94 | 13,767.94- | 313,767.94 |
| | 04/01/2001 | Rate: 8.000 % | Compound: Daily | | |
| Rate | 07/01/2001 | 0.00 | 6,320.29 | 6,320.29- | 320,088.23 |
| | 07/01/2001 | Rate: 7.000 % | Compound: Daily | | |
| 2001 | Totals | 0.00 | 20,088.23 | 20,088.23- | |
| Rate | 01/01/2002 | 0.00 | 11,495.70 | 11,495.70- | 331,583.93 |
| | 01/01/2002 | Rate: 6.000 % | Compound: Daily | | |
| 2002 | Totals | 0.00 | 11,495.70 | 11,495.70- | |
| Rate | 01/01/2003 | 0.00 | 20,502.27 | 20,502.27- | 352,086.20 |
| | 01/01/2003 | Rate: 5.000 % | Compound: Daily | | |
| 1 | 04/30/2003 | 357,872.32 | 5,786.12 | 352,086.20 | 0.00 |
| 2003 | Totals | 357,872.32 | 26,288.39 | 331,583.93 | |
| Grand Totals | | 357,872.32 | 57,872.32 | 300,000.00 | |


EXHIBIT 4
ALL-STATE LEGAL®